IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>ANGEL TORRES-MORENO [12],<br>CARLOS I. ARCE-LOPEZ [13],<br>RAMON L. NUÑEZ-FREYTES [21],<br>ANNETTE CANCEL-LORENZANA [22],<br><br>**Defendants**. | **CRIMINAL NO.** 12-413 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is the United States's motion for reconsideration of the Court's order severing count three of the superseding indictment as to defendants Carlos Arce-Lopez, Ramon Nuñez-Freytes,[1] and Annette Cancel-Lorenzana (Docket No. 1493); and the United States's supplemental memorandum regarding severance of defendant Angel Torres-Moreno (Docket No. 1496.)

**I.   Motion for Reconsideration of Order Severing Count Three**

Unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration. See United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) ("[M]otions for reconsideration in criminal cases

---

[1] On May 16, 2014, Nuñez-Freytes entered a guilty plea to count three in this case, as well as to count one in case number 13-148. (Docket No. 1485.)  Thus, he does not oppose the United States's motion regarding severance of count three.

are not specifically authorized either by statute or by rule.") (internal citation omitted).  The First Circuit Court of Appeals has considered motions for reconsideration in criminal cases, however, and applied the same standard to them that is applied to motions for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

Motions for reconsideration do "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)(internal quotation marks and citation omitted).  Rather, motions for reconsideration are appropriate in a limited number of circumstances, such as (1) where the movant presents newly discovered evidence; (2) where there has been an intervening change in the law; or (3) where the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.  Allen, 573 F.3d at 53 (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)).

The United States asks the Court to reconsider its October 22, 2013 order severing count three of the superseding indictment (Docket No. 935), contending that reconsideration is warranted "in view of the new circumstances and evidence surfaced during the

Criminal No. 12-413 (FAB)                                                3

trial of the first group of defendants, in the interest of justice, judicial economy and in keeping with Federal Rule of Criminal Procedure 8(b)."  (Docket No. 1493.)  While the United States references "new evidence surfaced" during the recent trial, it does not identify any new evidence.  Nor does it suggest an intervening change in the law, or demonstrate that the Court's previous decision was based on a manifest error of law or was clearly unjust.  See Allen, 573 F.3d at 53.  Rather, the United States restates, albeit more clearly, the same arguments it raised in response to the original motion requesting severance.  (See Docket No. 911.)  Because the Court has no grounds for reconsidering its prior order, the United States's motion for reconsideration is **DENIED**.

**II.   Supplemental Memorandum Regarding Severance of Torres-Moreno**

Additionally, in compliance with the Court's order (Docket No. 1494), the United States submitted a supplemental memorandum explaining why defendant Angel Torres-Moreno should be tried with the defendants charged in count three, which defendant Torres-Moreno subsequently opposed (Docket Nos. 1496 & 1509).  Torres-Moreno is charged only in counts one and two of the superseding indictment.  (Docket No. 518.)  Several defendants charged in counts one and two ("Group One") were tried in April, 2014.  Prior to the trial of Group One, Torres-Moreno requested to be tried with the second group of defendants scheduled for trial at a later date

Criminal No. 12-413 (FAB)                                                    4

("Group Two") because he was undergoing medical treatment for prostate cancer at the time, and would not be able to participate in the earlier trial date.  (Docket No. 1086.)  The Court granted Torres-Moreno's request and severed him from trial in Group One.  (Docket No. 1186.)  The United States now requests that Torres-Moreno be tried with the count three defendants — Arce-Lopez and Cancel-Lorenzana.

As this case currently stands, two trials remain:  (1) the trial of defendant Arce-Lopez counts one and two, and (2) the trial of Arce-Lopez and Cancel-Lorenzana for count three.  For the same reasons that the Court found joinder of count three to be improper pursuant to Rule 8(b), the Court does not find a basis for joinder of Torres-Moreno with the count three defendants.  (See Docket No. 935.)  Furthermore, because a trial for counts one and two remains pending, Torres-Moreno is more appropriately joined in that trial.  Accordingly, the Court **DENIES** the United States's request to join Torres-Moreno with the count three defendants.  Torres-Moreno shall instead be tried alongside Arce-Lopez for counts one and two.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 10, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE